## S89A0093. MARBURY v. MARBURY.
(386 SE2d 660)

PER CURIAM.

When we granted Mr. Marbury's discretionary application we expressed interest in whether the trial court erred in denying Mr. Marbury's motion to dismiss for lack of personal jurisdiction. We find that it did and we reverse.

This is the second time these parties have appeared before this Court. In *Marbury v. Marbury*, 256 Ga. 651 (352 SE2d 564) (1987), we found that "the attempt to exercise personal jurisdiction over Mr. Marbury was unconstitutional." Id. at 655. We find that the "minimum contacts" as set forth in *Smith v. Smith*, 254 Ga. 450, 453 (330 SE2d 706) (1985), are missing in this case, and the trial court should have granted Mr. Marbury's motion to dismiss.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 28, 1989 —
RECONSIDERATION DENIED OCTOBER 18, 1989.

Alimony. Muscogee Superior Court. Before Judge Whisnant.
*Larry L. Taylor, Samuel W. Worthington III,* for appellant.
*Neal B. Littlejohn,* for appellee.